NOT DESIGNATED FOR PUBLICATION

No. 119,338

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFREY SPERRY,
*Appellant*,

v.

DAVID MCKUNE, Warden, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR SUNDBY, judge. Opinion filed November 9, 2018. Affirmed.

*Jeffrey J. Sperry*, appellant pro se.

*Fred W. Phelps, Jr.*, legal counsel, Kansas Department of Corrections, for appellees.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM: In September 2011, Jeffrey Sperry, an inmate at the Lansing Correctional Facility (LCF), filed a civil lawsuit in district court seeking civil damages from the LCF Warden, the Secretary of Corrections for the State of Kansas, and the Kansas Department of Corrections (KDOC) (collectively, the State). In particular, Sperry alleged that the State had exposed him to asbestos and lead paint while incarcerated at LCF. The district court previously dismissed Sperry's lawsuit for failure to exhaust administrative remedies. However, the Kansas Supreme Court reversed the dismissal and remanded the lawsuit to the district court with directions to follow the summary judgment procedure set forth in Kansas Supreme Court Rule 141 (2018 Kan. S. Ct. R. 205).

1

On remand, the district court granted the State summary judgment as a matter of law. In granting the State's motion for summary judgment, the district court noted in its memorandum decision that Sperry had failed to controvert any of the facts asserted by the State as uncontroverted. Accordingly, the district court deemed the State's statement of uncontroverted facts to be admitted. As a result, the district court concluded that Sperry had failed to come forward with evidence tending to establish that he was exposed to dangerous environmental contaminates at LCF or that he has suffered any injury as a result of the alleged exposure.

In the present appeal, Sperry contends that the district court erred in granting the State summary judgment. As Sperry failed to respond to the State's motion for summary judgment or otherwise come forward with evidence to support his allegations, we find that it was appropriate for the district court to grant summary judgment to the State as a matter of law. Thus, we affirm.

FACTS

The long procedural history of this case—which began in 2011—is summarized in *Sperry v. McKune*, 305 Kan. 469, 470-79, 384 P.3d 1003 (2016). Significant to the present appeal, the Kansas Supreme Court found:

> "In September 2011, Jeffrey Sperry, an inmate at the Lansing Correctional
> Facility (LCF), filed a lawsuit in district court seeking civil damages from the LCF
> Warden, the Secretary of Corrections for the State of Kansas, and the Kansas Department
> of Corrections (KDOC) (collectively, the KDOC defendants). Sperry, acting on his own
> behalf, alleged he had been exposed to asbestos and lead paint while incarcerated at LCF.
> After Sperry filed his lawsuit, this case's procedural path involved a series of motions to
> dismiss that eventually led to this appeal. Those motions focus on the allegations in
> Sperry's verified petition, which he captioned a 'Complaint.'

2

"In that document, Sperry alleged that in January 2010 he first learned he had been exposed to contaminants. He sought medical treatment in March 2010, but a 'facility doctor examined [Sperry] and told him that there was nothing he could do for him.' Sperry also sought 'mental health counseling,' but the 'psychologist simply told [Sperry] that worrying would not help his condition so he should not worry about the fact that he will become seriously ill and die prematurely due to the exposure.' To remedy these alleged wrongs, Sperry sought an injunction ordering the KDOC defendants to treat Sperry's current and future medical needs through medical personnel and facilities of Sperry's choosing; an injunction ordering the KDOC defendants to remove all dangerous environmental contaminants from LCF; a declaratory judgment that the KDOC defendants 'knowingly and/or recklessly caused [Sperry] to be exposed to friable asbestos and lead paint'; and monetary damages in excess of $75,000.

"As a means of obtaining this relief, Sperry alleged causes of action based on both federal and state law. He first alleged his federal cause of action, asserting he was entitled to redress under 42 U.S.C. § 1983 (2012) because the KDOC defendants violated his right under the United States Constitution to be free from cruel and unusual punishment. He then alleged several torts governed by Kansas law: negligence, battery, breach of fiduciary duty, and outrageous conduct.

. . . .

"[Subsequently], Sperry filed an 'Amended Complaint' without any attached documents. In many respects the 'Amended Complaint' mirrored the original 'Complaint.' For example, Sperry again alleged that the KDOC defendants had 'refused to process' his March 2010 grievance, lost his October 2010 grievance, and denied his November 2010 replacement grievance 'all the way through[ ] to the Secretary of Corrections.' But the amended pleading also differed from the original in several ways. Of note, Sperry did not specifically allege violations of state law; his jurisdictional statement was limited to 'civil rights claims,' and he listed only a single cause of action: 'Eighth Amendment—Cruel and Unusual Punishment.'" 305 Kan. 470-74.

On May 30, 2014, the district court dismissed Sperry's lawsuit for failure to exhaust his administrative remedies. Although a panel of this court affirmed the district

court's decision, the Kansas Supreme Court ultimately reversed the dismissal. Specifically, our Supreme Court found that the district court had considered a matter outside the pleadings in dismissing Sperry's lawsuit. Thus, our Supreme Court remanded the case to the district court with directions to follow the summary judgment procedure set forth in Kansas Supreme Court Rule 141. 305 Kan. at 491-92.

On July 5, 2017, the State filed a motion for summary judgment pursuant to K.S.A. 60-256 in district court. As required by Kansas Supreme Court Rule 141, the State set forth 13 statements of uncontroverted facts with citations to the record. In particular, the State asserted that LCF did not expose Sperry to any "dangerous environmental contaminants" at any point "relevant to the lawsuit." The State further asserted that multiple analyses support the conclusion that any potential level of asbestos or lead present in LCF was at safe levels. The State supported these factual assertions with records, including expert reports, on the contaminant levels in the prison.

Although the district court granted Sperry an extension to August 31, 2017, to file a response to the State's motion for summary judgment, he never filed a response, nor did he make any effort to comply with Rule 141. Likewise, even though the district court gave him an opportunity to do so, Sperry did not designate an expert witness regarding his alleged exposure to lead or asbestos at LCF nor did he brief the issue of whether he could proceed to trial without an expert witness. Instead, Sperry filed a motion for an extension of time to file an amended petition on August 30, 2017.

On September 15, 2017, the State advised the district court that the motion for summary judgment was ready for ruling. In response, Sperry filed a motion in district court in which he alleged that the State had seized certain papers from his possession that he needed to prosecute his case. He also requested that the district court stay his case and impose contempt sanctions against the State. The State responded by advising the district court that Sperry had violated prison regulations due to the volume of paper he was

keeping in his possession. Furthermore, the State asserted that LCF had released Sperry's papers to his brother, who is not in prison.

On November 30, 2017, the district court denied Sperry's request for a stay, denied his request for sanctions, and entered summary judgment in favor of the State as a matter of law. In its memorandum decision, the district court found that Sperry had never designated an expert witness to support his claims. In addition, the district court pointed out, "[t]his is a case that has been pending for six years" and "[i]t is not plausible that the plaintiff is not yet ready to address the contentions related to his claim."

In addressing the State's motion for summary judgment, the district court found that the State had complied with Rule 141 but that Sperry had failed to do so. As such, the district court adopted the statement of uncontroverted facts set forth by the State in its summary judgment motion. Accordingly, the district court concluded:

> "As it has now been deemed that there are no dangerous environmental contaminates at the Lansing Correctional Facility that could have improperly exposed plaintiff to any such dangerous substances, and if there were such contaminates, there is no evidence of exposure to the plaintiff while L.C.F., and further that if exposed, no evidence that plaintiff has suffered any disease or injury as a result of said exposure, the claim of plaintiff that his 8th [A]mendment rights were violated due to improper exposure to claimed dangerous substances fails, and thus the plaintiff's cause of action should be and is hereby denied."

On December 15, 2017, Sperry filed a motion to alter or amend judgment, which the district court denied. Thereafter, Sperry timely filed a notice of appeal.

5

The sole issue presented on appeal is whether the district court erred in granting the State's motion for summary judgment. Where there is no factual dispute, our review of an order regarding summary judgment is de novo to determine whether the moving party is entitled to summary judgment as a matter of law. See *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013); see also *Stewart Title of the Midwest v. Reece & Nichols Realtors*, 294 Kan. 553, 557, 276 P.3d 188 (2012). Here, there is no factual dispute because Sperry failed to respond to the State's statement of uncontroverted facts and they were adopted by the district court. See *Lumry v. State*, 305 Kan. 545, 566, 385 P.3d 479 (2016) ("'a non-movant's failure to respond to a motion for summary judgment . . . constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial . . . .'").

The well-known standard to be applied in considering summary judgment motions was reiterated in *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018), as follows:

> ""Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."' [Citation omitted.]"

6

A review of the record reveals that Sperry asserted various claims against the State arising out of his alleged exposure to toxic materials at LCF. Specifically, Sperry predicated each of his claims on his alleged exposure to dangerous levels of asbestos and lead paint. However, by failing to respond to the State's motion for summary judgment, the district court deemed Sperry had admitted the following facts:

"6. As an inmate incarcerated in a Kansas correctional facility, in accord with his constitutional rights, Plaintiff has access to full medical care and treatment by virtue of a contract existing between the Kansas Department of Corrections and Corizon, Inc. . . .

"7. There are no dangerous environmental contaminants at LCF nor have there been at any time relevant to this lawsuit. . . .

"8. Specifically, there is 'NO significant amount of lead noted in any sample collected and tested' at LCF. . . .

"9. As to asbestos at LCF, '[a]ll samples were below the clearance standard of .01 f/cc.' . . .

"10. Testing showed no Environmental Protection Agency standards regarding asbestos were violated at LCF. . . ."

In support of each of these facts, the State cited to precise references in the record as required by Rule 141(a)(2).

Through his inaction, Sperry admitted that the State did not expose him to unsafe levels of asbestos and/or lead paint at LCF. Moreover, he did not come forward with an expert witness to support the allegations regarding exposure to unsafe levels of asbestos and/or lead paint. Similarly, he did not come forward with an expert witness to establish a causal link between the alleged exposure and any medical condition that he may have or damages that he may have suffered. Accordingly, Sperry failed to come forward with

7

sufficient evidence to support his claims for relief, and the district court appropriately granted summary judgment to the State as a matter of law.

Affirmed.